[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12291
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-00455-SDG

EDGINA T. HENDRIX SMITH,

Plaintiff-Appellant,

versus

TRAVELERS INSURANCE CO.,
EXPRESS OIL CHANGE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 30, 2021)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

This appeal arises from Edgina Smith's claims against Travelers Insurance Company[1] (Travelers) and Express Oil Change (Express Oil).  Proceeding pro se, Smith appeals the district court's order dismissing her amended complaint without prejudice and denying various motions as moot.  On appeal, she argues that the district court erred in granting Express Oil's motion to stay discovery.  Smith also argues that the district judge displayed bias against pro se litigants.  After careful review, we affirm.

## I.

Smith got an oil change for her vehicle at Express Oil in Snellville, Georgia. About a week later, her car abruptly stalled while she was driving on the interstate. When her car stalled, at least five cars almost hit her, causing her extreme emotional distress.  She then had her car towed back to Express Oil.  An insurance agent and appraiser from Travelers—Express Oil's insurer—later contacted her, but ultimately Travelers denied her claim.

Smith filed a complaint against Travelers and Express Oil in the Northern District of Georgia, asserting claims for property damage, negligence, unfair business practices, trickery, deceit, fraud, sex discrimination under Title VII of the Civil Rights Act of 1964, and intentional infliction of emotional distress.  On

---

[1] Smith labeled the company as Travelers Insurance Company.  However, the company is named The Travelers Indemnity Company.

January 30, 2020, Smith applied for leave to proceed in forma pauperis, which the district court granted pending a frivolity review of Smith's complaint. The court issued a standing order requiring all counsel of record to sign and file a Certificate of Compliance within ten days. Smith then filed an amended complaint.

Smith's amended complaint alleged that Express Oil was liable for damaging her car by failing to provide a service, the oil change, for which she paid, and Travelers was liable for failing to properly inspect her car. She further alleged that the companies discriminated against her because she is a woman, and Express Oil's history of taking advantage of women would be proven during a jury trial. Finally, she alleged that the companies caused her severe emotional distress and financial hardship.

Travelers moved to dismiss Smith's amended complaint. Smith moved for default judgment against Express Oil because it had not filed any responsive pleadings. While she stated in that motion that Express Oil had been served with process, Smith did not provide any evidence of such service, and the district court's docket does not reflect service. Express Oil opposed Smith's motion for default judgment and moved to dismiss Smith's amended complaint.

Express Oil moved to stay discovery until the court ruled on its motion to dismiss and concluded its frivolity review, which the court granted for "good cause shown" before the deadline for Smith's response to the motion. Upon receiving

3

that order, Smith filed an objection to the motion to stay discovery. She also filed a letter addressed to the judge, asserting that Express Oil had not complied with the judge's standing order to complete a Certificate of Compliance. Smith stated it was her belief that Express Oil presented documents to the judge without her present and that she did not have the "good cause" documentation.

Smith then filed a request for civil contempt because Express Oil had not filed a Certificate of Compliance. After the court issued another standing order regarding the civil litigation, requiring the parties to file a Certificate of Compliance, Express Oil filed a Certificate of Compliance. Express Oil also opposed Smith's contempt request.

The district court dismissed Smith's amended complaint without prejudice based on its frivolity review pursuant to 28 U.S.C. § 1915(e)(2).[2] It denied the pending motions as moot. The court found that the amended complaint was a shotgun complaint requiring dismissal. It specifically noted that the amended complaint did not separate into a different count each cause of action or claim of relief Smith sought and did not identify which claims were brought against which

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

defendant. Additionally, the court liberally construed the amended complaint as asserting claims for negligence, common law fraud, deceptive business practices, and gender discrimination, and found that Smith failed to sufficiently plead any of those causes of action.

The court found that only the gender discrimination cause of action arguably arose under federal law, but it was unlikely that Smith could pursue that claim in litigation. The remaining claims were premised entirely on state law, so the court needed complete diversity jurisdiction under 28 U.S.C. § 1332. Complete diversity did not exist because both Smith and Express Oil appeared to be Georgia citizens based on Smith's amended complaint. The court instructed Smith that, unless her second amended complaint brought a viable claim under federal law, the court would lack jurisdiction.

The district court stated that Smith could file a second amended complaint within 30 days of entry of the order to cure the deficiencies. Four days after the order was entered, Smith filed a notice of appeal of the dismissal but she never filed a second amended complaint. About four months later, the district court dismissed Smith's action with prejudice and directed the clerk to close the case. It noted that the time period for Smith to file the second amended complaint had expired and that Smith had filed a notice of appeal of the district court's order

5

dismissing her complaint without prejudice and denying her other motions as moot.

## II.

On appeal, Smith presents her complaint from the district court with few changes.[3]  First, Smith argues that the district court erred in granting, for "good cause," Express Oil's motion for a stay of discovery until the court ruled on its motion to dismiss and concluded its frivolity review. We review for abuse of discretion a district court's discovery decisions.  *Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009).  "A court abuses its discretion if it makes a clear error of judgment or applies an incorrect legal standard.  Moreover, a district court's denial of additional discovery must result in substantial harm to a party's case in order to establish an abuse of discretion."  *Id.* (citation and internal quotation marks omitted).  The district court's decision to hold off on discovery while a frivolity review and motion to dismiss were pending was not a clear error of judgment. Smith stated it was her belief that Express Oil presented documents to the judge without her present and that she did not have the "good cause" documentation.  But she appears to misunderstand the district court's reference to "good cause" in its

---

[3] Smith adds claims under the Federal Trade Commission Act, the Equality Act, and O.C.G.A. § 15-12-5.1.  It is well-settled that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc.v. Sw. Airlines, Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).  As such, we will not review these newly raised claims on appeal.

stay order; the court was simply and correctly stating that there was good cause to stay discovery given there was a pending motion to dismiss. Therefore, there was no need for the district court to further explain.

II.

Next, Smith argues that the district judge displayed bias against her because she was a pro se litigant, evidenced by the judge's denial of her motion for default judgment as moot and decision to stay discovery. We ordinarily review the district court's denial of a recusal motion for an abuse of discretion. *Loranger v. Stierham*, 10 F.3d 776, 779 (11th Cir. 1994) (per curiam). However, when a plaintiff fails to argue for a judge's recusal before the district court, we review for plain error the failure to sua sponte recuse. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Under this standard, we may reverse a plain error that affects the defendant's substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1307 (11th Cir. 2020).

A judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Similarly, a judge must recuse if he has a personal bias or prejudice against a party. *Id.* § 455(b)(1). The judge's bias or prejudice must be personal and extrajudicial and must derive from something other than what the judge learned by participating in

7

the case. *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). Where a judge's challenged actions "consist of judicial rulings, routine trial administration efforts, and ordinary admonishments," recusal is not required under § 455. *Liteky v. United States*, 510 U.S. 540, 556 (1994). The judge's failure to recuse here was not plain error because there is no indication that he had a personal bias or prejudice against Smith. Smith's dissatisfaction with his rulings on the default judgement or stay of discovery is not sufficient to show bias. *See Amedeo*, 487 F.3d at 828.

### III.

To properly raise a claim or issue on appeal, a party must plainly and prominently address the matter in her appellate brief, or else it is abandoned. *Univ. of Ala. Bd. of Trs. v. New Life Art, Inc.*, 683 F.3d 1266, 1280 (11th Cir. 2012). A district court's judgment should be affirmed if an appellant fails to challenge each of the court's independent, alternative grounds for its ruling. *Sapuppo v. Allstate Floridian Ins.*, 739 F.3d 678, 680 (11th Cir. 2014). Pro se pleadings are held to a less stringent standard than counseled pleadings and should be liberally construed. *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curiam). Nonetheless, issues not briefed on appeal by a pro se appellant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

8

Smith has abandoned any challenge to the district court's findings that her complaint was frivolous, a shotgun pleading, and failed to state a viable claim because she does not brief those issues on appeal. Because she fails to address these grounds for the court's dismissal, we affirm the district court's order dismissing her amended complaint without prejudice and denying her other motions as moot.

**AFFIRMED.**